## COMMONWEALTH *vs.* ELLIS C. POSSON.

Berkshire.　　October 30, 1902. — November 26, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Warrant.　District and Police Courts.　Constitutional Law.*

Under St. 1893, c. 396, §§ 6, 44, a complaint to a district court can be sworn to before a clerk *pro tempore* of that court, and the clerk *pro tempore* can issue the warrant of the court.

St. 1893, c. 396, § 44, providing that the clerks of district and police courts may receive complaints, administer to complainants the oath required thereto, and issue warrants, is constitutional.

Pub. Sts. c. 212, § 15, in regard to the issuing of warrants by certain magistrates, does not apply to warrants issued on complaints made to a district or police court under St. 1893, c. 396, § 44.

COMPLAINT, received and sworn to April 10, 1900, for keeping oleomargarine *with intent to sell it* unlawfully.

The defendant was arrested on a warrant issued from the District Court of Northern Berkshire. In that court a plea in abatement was overruled and the defendant was found guilty. On appeal to the Superior Court the case was tried before *Aiken,* J. It appeared that the complaint was received and sworn to before the clerk *pro tempore* of the District Court mentioned above, when that court was not in session, and that the clerk *pro tempore* issued a warrant of the District Court and not his own warrant for the arrest of the defendant. A plea in abatement setting forth these facts was overruled by the judge, who also denied a motion to dismiss made on the same ground.

The jury returned a verdict of guilty; and at the request of the defendant the judge reported the case for determination by this court. If the rulings were right the verdict was to stand; otherwise, the verdict was to be set aside and the defendant's motion to dismiss was to be allowed.

*M. E. Couch,* for the defendant.

*J. F. Noxon,* District Attorney, for the Commonwealth.

LATHROP, J. The two questions which the defendant seeks to raise in this case are whether a complaint to a District Court can be sworn to before a clerk *pro tempore* of that court; and whether, if it can be so sworn to, the clerk *pro tempore* can issue the warrant of the court, as was done in this case, or should issue his own warrant. Whether the latter question is fairly open to the defendant we have some doubts, as the defendant could not do more in the Superior Court than renew the plea and motion made in the District Court, and because in the plea and motion, he not only did more than this, but did not have the record amended, and misrepresented the fact that the complaint was made to the District Court, and stated in his motion to dismiss in the Superior Court that the complaint was made to the clerk of the District Court.

As however the attorney for the government has presented no argument on any technical ground, and has argued the ques-

tions stated in the beginning of this opinion, we proceed to consider them.

1. If the clerk *pro tempore* had authority to receive the complaint, he had authority to issue a warrant. The St. of 1893, c. 396, § 44, provides: " Clerks of district and police courts, where the office of clerk is established by law, may receive complaints, administer to complainants the oath required thereto, and issue warrants, including search warrants, or summonses, returnable as required in case of such processes issued by said courts."

Section 6 of the same chapter provides: " In case of the absence, death or removal of a clerk, the justice may appoint a clerk *pro tempore*, who shall have and exercise all the powers and perform all the duties of the clerk, and act until the clerk resumes his duties, or the vacancy is filled by appointment by the governor."

It seems to us plain that, construing the two sections together, a clerk *pro tempore* under § 6 has the powers given to clerks under § 44.

2. We see nothing in the St. of 1893, c. 396, which supports the defendant's contention that where a clerk of a court issues a warrant under § 44, he is to issue his own warrant returnable to the court. It is true that under other statutes this is the necessary inference. Thus the St. of 1877, c. 211, § 1, which took away the power of a justice of the peace, not designated and commissioned as a trial justice, to try civil cases, or receive complaints, or issue warrants, contained the following proviso: " Provided, however, that any justice of the peace who shall also be a clerk or assistant clerk of any municipal, district or police court, may receive complaints and issue warrants, returnable before some trial justice, police, district or municipal court, having jurisdiction of the examination of the person charged with the offence." This was embodied in the Pub. Sts. c. 155, § 6. This provision of the Public Statutes is not repealed by the St. of 1893, c. 396, but is kept in force as to district and police courts by § 69, and appears in the R. L. c. 161, § 5, while § 44 of the St. of 1893, c. 396, appears in the R. L. c. 160, § 36.

There are, therefore, two distinct provisions, the one applicable to a justice of the peace, who is also a clerk or assistant

clerk of a police or district court, and the other applicable to a clerk of such a court, if his office is created by law. The case before us is of the latter class; and it seems to us clear that the clerk is an officer of the court, and that, when he issues a warrant on a complaint made to the court, he should issue the warrant of the court and not his own warrant, if the warrant is returnable to the court of which he is the clerk.

It is contended that if the St. of 1893, c. 396, § 44, is to receive the construction we have given it, it is unconstitutional. There is nothing in the Fourth Amendment of the United States Constitution which touches this question. Article 14 of the Declaration of Rights of this Commonwealth is satisfied by a complaint supported by oath or affirmation before the warrant is issued. The article concludes: " and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws." The defendant contends that the Pub. Sts. c. 212, § 15, applies. But this section relates only to complaints made to certain magistrates, not to a court.

The verdict, therefore, must stand.

*So ordered.*