COMMONWEALTH *vs.* MANUEL R. NUNES, JR.
(and two companion cases).

Bristol.    October 3, 1966. — December 1, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Continuance; Suppression of evidence; Exceptions: failure to save exception; Appeal. *Search and Seizure. Evidence,* Presumptions and burden of proof, Stated ground of objection, Cross-examination.

There was no abuse of discretion in the denial of the defendant's motion for a continuance of a criminal trial on the ground that "he was ill and under the influence of narcotics" where he raised that issue for the first

time on the day his trial began and he submitted no proof to substantiate his claim.  [403–404]

Articles described in a search warrant issued under G. L. c. 276, § 1, as amended, may be seized under the authority given in § 3.  [404]

On a motion by the defendant in a criminal case to suppress evidence as illegally obtained, the burden is on the defendant to establish the illegality.  [404]

A motion by the defendant in a criminal case to suppress all the evidence seized on a search was properly denied where the defendant failed to show that the search and seizure were made pursuant to an invalid warrant.  [404–405]

The defendant in a criminal case, after having argued at the trial only one contention relative to a search warrant, was not entitled to urge in this court other contentions relative thereto.  [405]

On appeal following trial of indictments under G. L. c. 278, §§ 33A–33G, failure to save an exception to certain questions or to file an assignment of error with respect to them under § 33D foreclosed any consideration of them in this court.  [405–406]

Where the defendant in a criminal case testified on direct examination as to prior offences by him, there was no error in the allowance on cross-examination of him of a line of questioning relative to his alleged conviction for a prior felony.  [406]

INDICTMENTS found and returned on November 10, 1961. The cases were tried in the Superior Court before *Sgarzi*, J.

*Melvin S. Louison* (*Albert J. Fayad & Evan F. Gellar* with him) for the defendant.

*Peter B. Gay*, Assistant District Attorney, for the Commonwealth.

REARDON, J.  The defendant was convicted on indictments charging him with assault with intent to rob, assault with intent to rape, and breaking and entering in the nighttime with intent to commit a felony.  The trial was made subject to the provisions of G. L. c. 278, §§ 33A–33G.  The cases come to us on the summary of the record, a transcript of the evidence, and assignments of error.  The evidence is summarized as follows.

The complainant, a woman of fifty-nine at the time of the alleged offence, lived alone in North Dighton.  On August 30, 1961, she returned home at 10:30 P.M. from an evening out with friends.  She went into her bedroom to disrobe when a man emerged from her closet and placed his

hands over her eyes and mouth, threatening her life if she made any outcry. The intruder placed the complainant on a bed and attacked her; he then took her pocketbook and wallet and left. He was of medium build and had a cheese-cloth Fuller Brush bag over his face. He was wearing a white shirt open at the neck, a greenish-blue slip-on sweater, and dark summer trousers. Entrance to the house had evidently been gained by forcing the kitchen door. The cheesecloth bag was subsequently found by a State trooper on the same evening about fifty feet from the complainant's house. The defendant was arrested on September 7, 1961, on a warrant issued from the Taunton District Court. On the following day, on the application of a State trooper, a search warrant issued from the Fall River District Court, as a result of which State troopers went to the defendant's house during the day and seized a blue cardigan sweater, two pairs of brown pants, a pair of chino pants, and a wool and leather jacket. A motion to suppress the evidence seized was allowed as to the two pairs of brown pants and the wool and leather jacket. A State police chemist, quali-fied as an expert, testified to certain human blood stains, as well as to certain fibers and human hair, found on the cheesecloth bag, which fibers, he testified, were similar in color to those in the sweater seized by the State police at the defendant's home. The chemist also testified that the microscopic tests made by him on the pair of tan chino pants which were in evidence indicated the presence of sperm.

The defendant took the stand in his own behalf, denied his participation in the events as charged, and admitted having been "arrested for numerous felonies in Rhode Island," for at least one of which he was imprisoned. He also admitted being sentenced in Fall River in 1961 to three to five years' imprisonment for breaking and entering, and to other of-fences committed in Massachusetts.

We consider only those assignments of error which the defendant has argued to us. *Commonwealth* v. *Gliniecki,* 339 Mass. 464, 466.

1. The defendant's first assignment of error alleges that the court below erred "[b]y denying the defendant's Mo-

tion for a Continuance on the grounds that he was ill and under the influence of narcotics.'' The defendant raised the issue for the first time on the day his trial began. He submitted no proof to substantiate the claim that he was either ill or under the influence of narcotics. The allowance of a motion for a continuance was within the discretion of the trial judge. *Commonwealth* v. *Soaris,* 275 Mass. 291, 297. *Commonwealth* v. *Chapin,* 333 Mass. 610, 616–617. *Commonwealth* v. *Hanley,* 337 Mass. 384, 390. The defendant had the burden of showing that the ruling complained of was erroneous. *Commonwealth* v. *Klangos,* 326 Mass. 690, 691. There is nothing in the record to indicate an abuse of discretion. The matter was further reviewed at great length and findings were made on the defendant's motion for a rehearing of his motion for a new trial. There is every indication that the trial judge gave the defendant's contention contained in his first assignment all the attention which it warranted. There was no error.

2. As his fourth assignment of error, the defendant contends that the court below erred by the admission in ''evidence of certain items of the defendant's clothing which were obtained on the basis of only a search warrant and not a search and seizure warrant.'' The search of the defendant's house and the seizure of several items of his clothing resulted from the issuance of a warrant by the Fall River District Court. See G. L. c. 276, § 1. There is no merit in the defendant's argument that this section did not authorize the seizure of the articles which the warrant described. General Laws c. 276, § 3, as amended, provides in part that '' [i]f an officer in the execution of a search warrant finds property or articles therein described, he shall seize and safely keep them . . . so long as necessary to permit them to be produced or used as evidence on any trial.''

On a motion to suppress, the burden of establishing that evidence has been illegally obtained is on the moving party. *Commonwealth* v. *Fancy,* 349 Mass. 196, 202, and cases cited. Since the defendant failed to produce evidence indicating that the search and seizure were not made pursuant

to a valid warrant, the judge properly denied the motion to suppress all the evidence seized on the ground that the defendant had not sustained his burden of proving that the warrant was invalid. *Commonwealth* v. *Fancy,* 349 Mass. 196, 202–203.

The defendant raises in his brief, and has argued to us, questions on the validity of the warrant.[1]  The arguments lodged with us now are made for the first time and greatly expand what the record discloses the defendant argued relative to the warrant in the court below.   There counsel urged upon the court only that contention which is quoted above. "Having stated specifically the basis of . . . [his] objections, . . . [he] cannot urge other grounds in this court." *Commonwealth* v. *Geagan,* 339 Mass. 487, 515.   *Kagan* v. *Levenson,* 334 Mass. 100, 107, and cases cited.

It is true that this court has said that in appropriate instances it has and will exercise the power to set aside a verdict or finding in order to prevent a miscarriage of justice when a decisive matter has not been raised at trial.   *Commonwealth* v. *Conroy,* 333 Mass. 751, 757, and cases cited. A careful examination of the record discloses no reason for the exercise of that power in this instance.   *Commonwealth* v. *MacGregor,* 319 Mass. 462, 463.

3.   The defendant also complains that he was prejudiced by a line of questioning on cross-examination relating to an alleged prior felony conviction in Rhode Island.   No objection was made at the time, nor was an exception saved or an assignment of error filed under G. L. c. 278, § 33D.   The failure to save an exception forecloses any consideration of the issue in this court.[2]   *Commonwealth* v. *Gray,* 314 Mass. 96, 102.   *Commonwealth* v. *Theberge,* 330 Mass. 520, 527. *Commonwealth* v. *Chester,* 337 Mass. 702, 703.   *Commonwealth* v. *Silvia,* 343 Mass. 130, 138.   *Commonwealth* v. *Roy,* 349 Mass. 224, 231.   In the absence of an assignment of

---

[1] The search warrant is not in the record, and was not offered in evidence below.

[2] It should be noted that the defendant's counsel at the argument before us represented his client by court appointment, and was not the defendant's counsel at the trial.

error no point of law is presented for our decision. *Commonwealth* v. *Polian,* 288 Mass. 494, 496–497. *Commonwealth* v. *Cielakie,* 341 Mass. 735. Moreover, the defendant testified on direct examination as to his prior offences. The extent of cross-examination rests largely in the discretion of the trial judge, and we see no error in his action. *Commonwealth* v. *Granito,* 326 Mass. 494, 496. *Commonwealth* v. *Aronson,* 330 Mass. 453, 458–459.

*Judgments affirmed.*