COMMONWEALTH *vs.* RICHARD M. PENTA
(and a companion case).

Middlesex.   February 6, 1967. — March 31, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Search and Seizure. Clerk of Court. Constitutional Law,* Search and
    seizure. *Evidence,* Stated ground of objection. *Practice, Criminal,*
    Suppression of evidence, Sentence. *Motor Vehicle,* Stolen motor ve-
    hicle. *Words,* "Court."

Under G. L. c. 218, § 33; c. 276, § 1, as amended through St. 1964, c. 557,
    § 1, clerks of court have the power to issue search warrants without
    prior action by a judge.   [273]
The word "court" in the provision of G. L. c. 276, § 1, as amended through
    St. 1964, c. 557, § 1, allowing the issuance of search warrants by a
    "court or justice authorized to issue warrants in criminal cases" includes
    clerks of the court.   [273]
Art. 14 of the Declaration of Rights of the Massachusetts Constitution
    does not preclude issuance of search warrants by clerks of court.   [274]
An affidavit supporting an application by a State police officer for a search
    warrant did not satisfy the requirements of G. L. c. 276, § 2B, where it
    stated merely that the officer had information that an automobile re-
    ported stolen by police was located on certain premises, and that "Based
    upon the foregoing reliable information — and upon my personal knowl-
    edge" there was "probable cause to believe" that the automobile had been
    stolen and was concealed and might be found on such premises.   [274]
Upon an application for a search warrant with an inadequate affidavit not
    conforming to the requirements of G. L. c. 276, § 2B, such inadequacy
    cannot be cured by sworn oral testimony presented to the magistrate to
    whom the application is made.   [274–275]
An affidavit supporting an application by a State police officer for a
    search warrant satisfied the requirements of G. L. c. 276, § 2B, where it
    . stated that automobiles reported stolen by police had been "seen by" the
    applicant on certain premises and that "Based upon the foregoing re-
    liable information — and upon my personal knowledge" there was
    ·"probable cause to believe" that the automobiles had been stolen and
    were concealed and might be found on such premises.   [275–276]
There was conformity to the requirements of G. L. c. 276, § 2B, by a·cer-
    tain affidavit by an applicant for a search warrant showing that he had
    seen in a garage sundry articles obviously useful in a general stolen car
    activity.   [276]

An affidavit under G. L. c. 276, § 2B, by an applicant for a search warrant was not invalidated even if the words "obtained in the commission of a crime" were added to the affidavit after the issuance of the warrant, where the affidavit related to sundry articles obviously useful in a general stolen car activity.   [276]

The defendant in a criminal case, in his argument before this court, was not entitled to attack the validity of search warrants on grounds other than those relied upon by him in the trial court.   [276–277]

There was no error at a criminal trial in admitting in evidence over the defendant's objection a document which he contended ought to be suppressed, where several motions by the defendant to suppress other evidence had been heard and denied some six months before the trial and the trial judge specifically found that the defendant "had ample notice that . . . [the document] was in the possession of the . . . [Commonwealth] and might at least be offered at the trial."   [277]

Convictions under two counts of an indictment for concealing stolen automobiles, warranted by the evidence, were not affected by the circumstance that a conviction under a third count for concealing another stolen automobile must be set aside as based on evidence which ought to have been suppressed.   [278]

Where, following verdicts of guilty on each of three counts in an indictment, the judge imposed one sentence on the indictment as a whole, and this court held the convictions warranted on two of the counts but not on the third, the judgment was reversed and the case remanded to the Superior Court for sentence on the two counts.   [278]

Two INDICTMENTS found and returned in the Superior Court on February 8, 1965.

Motions to suppress evidence were heard by *O'Malley,* J. The cases were tried before *Bolster,* J.

*Joseph J. Balliro* for the defendant.

*John J. Irwin,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

WILKINS, C.J.   The defendant was convicted on two indictments.   Number 72,080 was in three counts, each charging concealment of a stolen motor vehicle.   G. L. c. 266, § 28 (as amended through St. 1959, c. 160, § 2).   Number 72,081 was in one count charging the possession or making use of "falsely made, altered, forged, or counterfeited licenses to operate motor vehicles."   G. L. c. 90, § 24B, as amended. Before trial the defendant argued motions to suppress evidence all of which were denied.   The trial was subject to G. L. c. 278, §§ 33A–33G.   The defendant on his appeals assails the validity of the search warrants.

1. The clerks[1] had power to issue the warrants. General Laws c. 218, § 33, provides, "A clerk, assistant clerk, temporary clerk or temporary assistant clerk, paid by the county, may receive complaints, administer to complainants the oath required thereto, and issue warrants, search warrants and summonses, returnable as required when such processes are issued by said courts." Contrary to the defendant's contention, the last clause does not mean that the power can be exercised only after action by a judge, but refers merely to the time when the several documents are returnable. The authority of clerks to issue warrants under c. 218, § 33, has been recognized by this court. *Commonwealth* v. *Posson,* 182 Mass. 339, 340–342. *Thompson* v. *Globe Newspaper Co.* 279 Mass. 176, 185–187. Their authority is not limited by indirection in G. L. c. 276, § 1 (as amended through St. 1964, c. 557, § 1), which allows search warrants to be issued by "A court or justice authorized to issue warrants in criminal cases." Clerks are included within the word "court." See *O'Connell* v. *Retirement Bd. of Boston,* 254 Mass. 404, 405–406; *Massachusetts Bar Assn.* v. *Cronin,* 351 Mass. 321, 325–326. This construction becomes free from doubt in reading § 2B of c. 276 (inserted by the same statute, St. 1964, c. 557, § 3), which, after repeating the clause, "A person seeking a search warrant shall appear personally before a court or justice," provides, "The *person issuing the warrant* [italics supplied] shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable."

Throughout, the plain intention is to refer to officials authorized to issue warrants under c. 218, § 33. Depriving clerks of this power would impose the duty exclusively on the members of the judiciary and would subject the issuing of warrants to hampering delay. This result would serve no constructive purpose. Legislative intent to this effect is unthinkable.

[1] Two warrants were issued by the clerk of the First District Court of Eastern Middlesex, and a third by the Assistant Clerk.

The further argument that clerks are forbidden to issue warrants by art. 14 of the Declaration of Rights of the Constitution of the Commonwealth is a strained interpretation not worthy of discussion.

2. The defendant attacks the sufficiency of the contents of the affidavits in support of the applications for the warrants, all of which were dated January 6, 1965.

(a) The first warrant issued, numbered 3337, concerns the automobile which is the subject of count 3 of indictment number 72,080. The affidavit is by a sergeant in the State police. It states that he has information that a 1962 green Oldsmobile sedan, Massachusetts 1964 registration 428–109, reported stolen on October 17, 1964, by the Somerville police department, is located in a one-story concrete block garage on Sunnyside Avenue, Everett. "Based upon the foregoing reliable information — and upon my personal knowledge — there is probable cause to believe that the property hereinafter described has been stolen — is unlawfully possessed or controlled — and is concealed and may be found in the possession of Richard M. Penta or other persons at the following premises a one story concrete block garage located on Lots 3 & 4, Sunnyside Avenue, Everett, owned by Anna Abrams." The affidavit then repeats its description of the Oldsmobile sedan.

This affidavit is not a compliance with G. L. c. 276, § 2B, as amended. It does not "contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant." The form of affidavit prescribed in § 2B is, "I have information, based upon (describe source, facts indicating reliability of source and nature of information; if based on personal knowledge and belief, so state)." The affidavit does not disclose the source of the sergeant's information or personal knowledge. This is required by § 2B. *Commonwealth* v. *Mitchell,* 350 Mass. 459, 462. *Commonwealth* v. *Maneatis,* 350 Mass. 780. Contrary to the contention of the Commonwealth, this affidavit does not state that he saw the 1962 Oldsmobile. Its contents cannot be buttressed by

oral testimony as to what may have been stated to the magistrate. *Commonwealth* v. *Monosson,* 351 Mass. 327, 330. Apart from the uncertainty which such a procedure would create, there would always be a strong possibility of subjecting the magistrate, as in the case at bar, to the inconvenience of being called as a witness, an unseemly occurrence at best.

The seizure of the 1962 Oldsmobile cannot be upheld as incidental to a lawful arrest. The testimony relied upon by the Commonwealth shows that the automobile was seen by a police officer when he entered the garage pursuant to the invalid warrant number 3337. There is nothing to indicate it was seen earlier by the police.

The motion to suppress this evidence should have been granted.

(b) Warrant number 3338 relates to the two automobiles which are the subjects of counts 1 and 2 of indictment number 72,080, and is not open to the objections which are fatal to warrant number 3337.

The affidavit by the same State police sergeant states that he had information that "a stolen 1964 Cadillac coupe; color white; vehicle identification number 64J077777 reported stolen on 12/3/64 by Police Dept. Malden was seen by me in a garage located on Lot numbers 3 & 4 on Sunnyside Ave., Everett and a 1964 Chevrolet Corvette vehicle identification number 40867S108337 stolen 12/6/64 and reported stolen by Metropolitan District Commission Police." Similar to the affidavit in support of the application for warrant number 3337, this affidavit states: "Based upon the foregoing reliable information — and upon my personal knowledge — there is probable cause to believe that the property hereinafter described has been stolen — and is concealed and may be found in the possession of Richard M. Penta or other persons at the following premises a one story concrete block garage located on Lots numbered 3 & 4 on Sunnyside Ave. Everett, being owned by one Anna Abrams."

This affidavit shows that the source of the sergeant's information and knowledge was that he personally saw them.

There is no fatal failure to state underlying facts which would verify the stolen character of the vehicles. The reference to the reports of the police departments stating this fact was ample. There was no error in the denial of the motion to suppress this evidence.

(c) Warrant number 3339 concerns the subject matter of indictment number 72,081, namely, miscellaneous articles obviously of great importance in a general stolen car scheme. The affidavit is not open to the objections raised to the first affidavit. It was made by a State police officer and very clearly shows that he had seen them in the garage. These articles were eight VIN (vehicle identification number) plates (the specific numbers given), approximately 150 General Motors auto keys, two boxes of pop rivets, one pop rivet gun, one Jacobs multicraft electric drill, one envelope of miscellaneous "auto decals," and one package of approximately forty fraudulent Massachusetts automobile operators license blanks. There was no failure to allege the illegal nature of these articles, which were obviously, and perhaps exclusively, useful to conceal stolen vehicles, itself a crime. G. L. c. 266, § 28. Mere possession of the operators license blanks is a crime also. G. L. c. 90, § 24B.

The defendant relies upon testimony of the assistant clerk of the District Court as showing an addition to the affidavit of the phrase, "obtained in the commission of a crime," after the issue of the warrant. This would not be a significant addition in an affidavit relating to the type of articles prima facie illegal involved here. It is of equally doubtful effect to impugn the warrant where there is nothing about the affidavit in the record to corroborate the testimony. Compare Commonwealth v. Monosson, 351 Mass. 327, 330.

The defendant's argument on this point is an unwarranted expansion of the record. See Commonwealth v. Nunes, 351 Mass. 401, 405.

3. The defendant criticises all the warrants on the ground that the applications do not specify the times when information was obtained. The record and the transcript

give no indication that this point was raised in the court below. The brief of the Commonwealth states as a fact that it was not relied upon, and the fact has not been disputed by the defendant. The question cannot be argued for the first time in this court. *Commonwealth* v. *Geagan,* 339 Mass. 487, 515. *Commonwealth* v. *Lewis,* 346 Mass. 373, 383. *Commonwealth* v. *Nunes,* 351 Mass. 401, 405. *Abel* v. *United States,* 362 U. S. 217, 230. *Ker* v. *California,* 374 U. S. 23, 43–44.

We should add that nothing in any of the affidavits shows that the police officers lagged in the performance of their duty or that their information was stale.

4. The defendant argues that the trial judge erred in denying a motion to suppress evidence of a fictitious bill of sale for the stolen 1964 Cadillac. A police officer removed it from the glove compartment of a Lincoln automobile, which on January 6, 1965, the defendant drove to the garage on Sunnyside Avenue while the police were nearby. Strictly speaking, the matter first arose as an objection to the admission of this evidence at the trial on November 29, 1965. There were three motions to suppress evidence hereinbefore considered, all of which was obtained at approximately the same time as the bill of sale. The three motions were heard on May 24, 1965, by a judge (not the trial judge), who denied them on June 3, 1965. On November 29, after the bill of sale was offered, the court recessed, and the following day in ruling against the defendant the trial judge found that the defendant "had ample notice that a bill of sale of the Cadillac was in the possession of the Government and might at least be offered at the trial." This is conclusive. The judge was not obliged to accept the defendant's profession of ignorance. In the circumstances it was reasonable to require that all related issues be presented at one time and that piecemeal attempts not be allowed. See *Commonwealth* v. *Lewis,* 346 Mass. 373, 382; *United States* v. *Di Donato,* 301 F. 2d 383, 384 (2d Cir.), cert. den. 370 U. S. 917; *United States* v. *Blythe,* 325 F. 2d 96 (4th Cir.). See also Rule 101B of the Superior Court (effective June 1, 1965).

5.  Evidence relating to the 1962 Oldsmobile should not have been received.  Consequently, the conviction on count 3 of indictment number 72,080 must be set aside.  In our opinion, however, this evidence, which was relatively slight, does not affect the convictions on counts 1 and 2 as to which the proof of guilt was overwhelming.  There was no prejudicial error as to those counts.  The presence of two other stolen automobiles, the articles found in the garage, and the fictitious bill of sale, all constituted proof of guilt beyond a reasonable doubt, and rendered the evidence as to the Oldsmobile of no substantial importance in determining guilt on counts 1 and 2.  See *Smith* v. *United States,* 335 F. 2d 270, 275–277 (Ct. App. D. C.).

6.  The Commonwealth moved for sentence on each of the three counts on indictment number 72,080.  The judge, however, imposed sentence on the indictment as a whole to a term not exceeding seven years, or less than three years, at the Massachusetts Correctional Institution at Walpole.  The verdicts on counts 1 and 2 were legal.  *Commonwealth* v. *Hull,* 296 Mass. 327, 337–338.  *Commonwealth* v. *Novicki,* 324 Mass. 461, 467.

7.  The judgment on indictment number 72,080 is reversed and the case remanded to the Superior Court for sentence on counts 1 and 2.  The judgment on indictment number 72,081 is affirmed.

*So ordered.*