COMMONWEALTH *vs.* EDWARD L. GRANT, JR.

Franklin.    March 6, 1967. — April 27, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Evidence,* Stated ground of objection, Admissions and confessions, Of identity. *Constitutional Law,* Admissions and confessions, Assistance of counsel. *Practice, Criminal,* Assistance of counsel.

The defendant in a criminal case, in his argument before this court, was not entitled to attack the validity of a seizure of certain articles on grounds entirely different from the grounds urged by him in the trial court.    [436]

There was no violation of any rule stated in *Escobedo* v. *Illinois,* 378 U. S. 478, where it appeared that a defendant in a criminal case, before making incriminating statements to police admitted against him at his trial, was advised of his rights to remain silent and to have counsel, and that he never asked the police if he might have a lawyer while being questioned.    [437]

A criminal trial held in 1965 was not subject to any rule stated in *Miranda* v. *Arizona,* 384 U. S. 436.    [437]

The judge at a criminal trial, after finding on conflicting evidence that a confession not made in inherently coercive circumstances had not been coerced or induced by promises, properly admitted it in evidence and left to the jury the question of its voluntariness.    [437]

It was not error at a trial for robbery to admit in evidence articles of the defendant's clothing which the victim testified were similar to those worn by the robber on the occasion of the robbery.    [437–438]

INDICTMENT found and returned in the Superior Court on May 11, 1965.

The case was tried before *Moynihan,* J.

*Norman T. Callahan (Stephen R. Kaplan* with him) for the defendant.

*Sanford Keedy,* District Attorney *(Stanley L. Cummings,* Assistant District Attorney, with him), for the Commonwealth.

WILKINS, C.J. The defendant was tried pursuant to G. L. c. 278, §§ 33A–33H, and was convicted of armed robbery "while masked or disguised." G. L. c. 265, § 17 (as amended through St. 1952, c. 406, § 1). The robbery charged was of Louis LaPointe, a storekeeper in Erving, on April 15, 1965. The property charged to have been taken was money, wine, cigarettes and other merchandise. The defendant was tried with one Hilliard, who was similarly charged.

1. At the trial, the defendant challenged, among other things, the seizure of certain clothing of his which was in the laundry of the Franklin County House of Correction, where he was detained awaiting trial. We shall attempt to restate the defendant's contentions as well as we are able from the arguments his counsel addressed to the trial judge. Firstly, it was claimed that the seizure was "in violation of the Constitutional rights of the defendant." Under persistent questioning by the judge a specific ground stated was that no search warrant may be issued after the arrest of a defendant. No authority was given in support of this unsound claim. Next, as we read the record, the defendant contended that the clothing could not be seized because it was not concealed. The basis for this was given as G. L. c. 276, § 2. The judge rightly pointed out that § 1 of c. 276 was the appropriate section and referred to possession as well as concealment. In the course of the argument reliance was placed on *Escobedo* v. *Illinois,* 378 U. S. 478. This overworked citation was wholly immaterial to this issue. There was no merit in any ground for suppression suggested to the trial judge.

In this court the defendant has entirely shifted position and, dropping the contentions made in the court below, seeks to put forward new grounds not intimated to the trial judge. This he cannot do. We consider none of them. *Commonwealth* v. *Geagan,* 339 Mass. 487, 515. *Commonwealth* v. *Lewis,* 346 Mass. 373, 383. *Commonwealth* v. *Nunes,* 351 Mass. 401, 405. *Commonwealth* v. *Penta, ante,* 271, 276–277.

2. The defendant's eighth assignment of error is to the denial of his motion to exclude a statement made by Hilliard at the Greenfield police station, and transcribed by a stenographer. In ruling on the evidence the judge addressed the jury: "I am admitting that statement in evidence only in the case of Commonwealth versus Hilliard. It is a statement purported to have been signed by the defendant Hilliard and is not signed by the defendant Grant and it is not admitted in the case of Commonwealth versus Grant. I want to make that clear." The assignment avers that the "statement contained damaging implications against Grant. Although the Court advised the jury that it was not evidence in the case of Commonwealth vs. Grant, this did not remove the harmful hearsay effect of the statement."

The fifth assignment is related and is to the denial of a motion to exclude all the evidence of the stenographer as to what was said by Hilliard at the Greenfield police station. The assignment refers to the page in the transcript where the judge made his ruling above quoted in admitting the written statement. The oral testimony was in substance only the manner of taking the statement, and added nothing to the statement itself. Immediately after the judge addressed the jury, as above quoted, the defendant's counsel said, "I realize this is foolishness because I only appear for Mr. Grant, but I make an objection to the admission of it [the statement] in evidence." The defendant's counsel then noted his exception "[o]n the ground that the two cases are being tried together."

There had been at no time a motion to sever the two cases for trial. We do not rest our decision on the ground

that that omission was fatal, as we prefer to dispose of the defendant's contention that the confession was illegally obtained.

The defendant makes two assertions in this regard: (1) Hilliard was not first advised of his constitutional rights. (2) The confession was coerced. Neither reason is entitled to prevail.

(1) At the hearing on Hilliard's motion to suppress the confession, the judge found that Hilliard, before he made any incriminating statements, was advised of his rights to remain silent and to have counsel. This finding was warranted by the evidence. Besides, Hilliard testified that he never asked the police if he might see a lawyer while being questioned. Hence, there was no violation of any rule stated in *Escobedo* v. *Illinois,* 378 U. S. 478. The trial was in May, 1965, and was not subject to any rule stated in *Miranda* v. *Arizona,* 384 U. S. 436. *Commonwealth* v. *Morrissey,* 351 Mass. 505, 509–511. *Commonwealth* v. *McCambridge,* 351 Mass. 516, 520.

(2) The judge found that "the defendant [Hilliard] voluntarily made verbal statements of an incriminating nature; and subsequently on the same afternoon, signed a written confession . . . [which] was not made as a result of coercion, force, threats, or promises made by either the State police officers or the police officers . . . of Greenfield." These findings the judge was entitled to make on warranting evidence from the police, notwithstanding the testimony of the defendant and of Hilliard. *Commonwealth* v. *Makarewicz,* 333 Mass. 575, 584–589. The circumstances under which the confession was made and which we need not relate were not inherently coercive. See *Stein* v. *New York,* 346 U. S. 156, 184–185; *Reck* v. *Pate,* 367 U. S. 433, 440–444.

The trial judge did not err in making the preliminary finding that the confession was freely made, and in leaving to the jury the question of its voluntariness.

3. There was no error in admitting in evidence any of the various articles assigned as error. A police officer tes-

tified that he obtained a pair of boots and a jacket belonging to the defendant from the Franklin County House of Correction. He recognized them as articles worn by the defendant on April 16, 1965. The defendant told him that he had worn them the day before (that of the robbery). LaPointe, the victim, testified that the boots were "like" those worn by one of the robbers and that the jacket was the same one. On cross-examination LaPointe testified he was not sure that they were those he had seen on the robber, since there might be many such articles of clothing. This affected only the weight of the evidence. See *Commonwealth* v. *Parrotta,* 316 Mass. 307, 313. The testimony as to similarity made the articles admissible. *Commonwealth* v. *O'Toole,* 326 Mass. 35, 39. *Commonwealth* v. *Vanetzian,* 350 Mass. 491, 496. *Commonwealth* v. *McLaughlin, ante,* 218, 229–230. This also applies to the clothing of Hilliard and to the two bottles of wine.

*Judgment affirmed.*