COMMONWEALTH *vs.* RICHARD M. PENTA. May 11, 1972. In 1967, *Commonwealth* v. *Penta*, 352 Mass. 271, 274–276, dealt with the sufficiency of three affidavits as basis for issuing separate warrants to search a garage. We held the first affidavit did not comply with

---

[1] The partners in the law firm of Choate, Hall & Stewart of Boston.

[2] Both entitled William J. Leventhal *vs.* American Discount Corporation & others.

G. L. c. 276, § 2B, as amended, because it showed no basis for the affiant's knowing facts asserted in the affidavit. We suppressed evidence obtained under the first warrant. The second and third affidavits (see pp. 275–276) in terms were adequate. We did not suppress the evidence seized under the resulting warrants. Our 1967 decision led Penta to discover that the second and third warrants (and affidavits) were based upon knowledge obtained during the illegal search under the first warrant. Penta made no such contention in his 1967 appeal from conviction. Penta then sought a writ of habeas corpus in the United States District Court which was dismissed without prejudice because Penta had not exhausted his State court remedies. Penta then sought a rehearing in this court. Before passing upon his request, we directed (September 9, 1971) that there be a new evidentiary hearing before a Superior Court judge upon a motion for a new trial. This was done. The judge assigned to hear the matter (the trial judge having retired) has found (1) that the second and third warrants were issued on the basis of the affiant's knowledge obtained by the illegal search, and (2) that Penta's conduct did not amount to a waiver of any of his constitutional assertions. The case now comes to us upon what is, in effect, a report by the judge who heard the motion for new trial. Although Penta at trial and in his 1967 appeal should have made his present contentions (see *Commonwealth* v. *Johnson*, 352 Mass. 311, 318), his failure was probably because his counsel expected that all the warrants would be held invalid, or none of them. If the matter had been suitably raised in 1967 (although the evidence in no way suggests Penta's freedom from guilt), his convictions probably would have been set aside. In the confused circumstances, we resolve doubts in his favor and hold that his conduct at trial and in 1967 did not constitute a waiver. See *Commonwealth* v. *Underwood*, 358 Mass. 506, 509–511. We note that the matter could have been disposed of in the Superior Court by granting a new trial.

*Judgments reversed.*
*Verdicts set aside.*

The case was submitted on briefs.
*James F. Freeley, Jr.*, for the defendant.
*Robert H. Quinn*, Attorney General, & *Edward W. Kirk*, Deputy Assistant Attorney General, for the Commonwealth.