COMMONWEALTH *vs.* JOHN ANDERSEN, JR. September 7, 1979. The defendant appeals (G. L. c. 278, §§ 33A-33G) from a conviction of rape, on the grounds that the judge erred in permitting the prosecutor to question the defendant on cross-examination as to the whereabouts of certain witnesses and as to the defendant's failure to produce them; in allowing the prosecutor to comment on this failure in his closing argument; and in failing specifically to instruct the jury on this issue. The defendant also urges us to reverse his conviction on the ground that certain statements made by the prosecutor during closing argument were not based on the evidence and were so prejudicial as to deprive him of a fair trial. There was no error. The defendant's conviction of assault and battery was placed on file.

1. The case against the defendant was strong. A policeman testified that he heard the victim screaming when he approached the car which was occupied in the back seat by the defendant and the victim and that, when he reached the car, the defendant was lying on top of the victim and both were partially undressed. The victim and the policeman testified that there were two men in the front seat of the car. The defendant admitted that he had driven around with two friends that evening and that, at the time of the policeman's arrival, a good friend of his was in the front seat of the car, but he denied that he forced the victim to do anything against her will.

Under these circumstances, the questioning of the defendant as to the whereabouts and availability of his friends was permissible. See *Commonwealth* v. *Happnie,* 3 Mass. App. Ct. 193, 194-198 (1975). See also *Commonwealth* v. *Franklin,* 366 Mass. 284, 293 (1974); *Commonwealth* v. *O'Rourke,* 311 Mass. 213, 222 (1942); *Grady* v. *Collins Transp. Co.,* 341 Mass. 502, 506 (1960); *Commonwealth* v. *Smith,* 342 Mass. 180, 186-187 (1961). The defendant was the person most likely to have such knowledge and was the logical witness with whom to lay the required foundation for possible future comment by the prosecutor. See *Commonwealth* v. *Domanski,* 332 Mass. 66, 70-71 (1954). Moreover, the availability of one of the witnesses was explored during the defendant's own direct examination. See *Commonwealth* v. *Nunes,* 351 Mass. 401, 405-406 (1966). While in some situations considerations of fairness may require that the relevant circumstances be told to the judge outside the hearing of the jury (see *Commonwealth* v. *Franklin, supra* at 294), this is not such a case.

The prosecutor's brief comment on the defendant's credibility in insisting that one instead of two men were in the front seat ("Why did he deny that? Well, he has to explain their absence somehow, and it is eas[ier] to explain the absence of one man than two") was within proper bounds. The defendant made no objection to this statement of the prosecutor, and the judge's decision not to exclude the comment was a proper exercise of his discretion. *Commonwealth* v. *Franklin, supra* at 294. Nor did the judge err in not giving curative instructions as to the statement. None were sought by the defendant and none were necessary. In any event, the judge specifically charged the jury that the defendant was not required to produce any evidence.

2. The defendant made only one objection to the content of the prosecutor's closing argument, and the judge gave a specific curative instruction relating to that matter. The defendant did not object to that instruction. The other contentions relating to the prosecutor's argument are raised for the first time on appeal and are, therefore, not properly before us except as there may be a substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). We have reviewed the record and have determined that there is no such risk in the context of the prosecutor's entire argument, the judge's instructions, and the evidence at trial. We do not think the remarks were improper and, in any event, they were not of great consequence. See *Commonwealth* v. *O'Brien,* 377 Mass. 772, 779 (1979).

*Judgment affirmed.*

*William Highgas, Jr.,* for the defendant.

*Pamela L. Hunt,* Legal Assistant to the District Attorney, for the Commonwealth.