USCA1 Opinion

 

 October 19, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1476 TREVOR HARPER, Plaintiff, Appellant, v. THOMAS J. BEGLEY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Trevor Harper on brief pro se. _____________ Scott Harshbarger, Attorney General, and William J. Meade, __________________ __________________ Assistant Attorney General, on brief for appellee. ____________________ ____________________ Per Curiam. Plaintiff Trevor Harper appeals the __________ dismissal of his complaint under 42 U.S.C. 1983. The complaint names as the sole defendant an assistant clerk- magistrate of the Cambridge, Massachusetts District Court. It alleges that defendant violated the constitution by issuing a search warrant allowing the Cambridge police to open six letters found on Harper's person when he was arrested for assault with intent to murder. Harper alleges that the affidavit submitted by the police in support of the search warrant "clearly did not show probable cause to search and seize . . . the letters," as any "ordinary clerk would have . . . known." Therefore, the complaint reasons, issuance of the warrant constituted "maliciousness, bias, prejudice, and the intentional infliction of severe emotional distress." On a preliminary review under 28 U.S.C. 1915(d), the district court dismissed the complaint on the ground that the defendant clerk is entitled to absolute immunity from a 1983 damages suit based on his actions in issuing the warrant. We agree. "Under current legal theory, immunity attaches or does not attach depending on what kind of action was performed rather than on who performed it." Acevedo-Cordero _______________ v. Cordero-Santiago, 958 F.2d 20, 23 (1st Cir. 1992). ________________ Absolute immunity from damages under 1983 is extended to court officials other than judges when the officials perform judicial functions comparable to those that would have been accorded absolute protection at common law. Antoine v. Byers _______ _____ & Anderson, 113 S. Ct. 2167 (1993). The doctrine necessarily __________ protects the authorized performance of "paradigmatic judicial acts" -- acts which entail discretionary decisionmaking in resolving disputes or adjudicating private rights. Forrester _________ v. White, 484 U.S. 219, 227 (1988); see also Antoine, 113 S. _____ ________ _______ Ct. at 2171 (protection from private suites for discretionary acts is needed to assure "the independent and impartial exercise of judgment vital to the judiciary"). A decision to issue a search warrant upon a finding of probable cause is a discretionary judicial act with common law antecedents firmly rooted in the Fourth Amendment. U.S. Const. amend. IV; see Gerstein v. Pugh, 420 U.S. 103, 116 ___ ________ ____ n.17 (1975) (remarking common law antecedents and citing authorities); see also Burns v. Reed, 500 U.S. 478 (1991) ________ _____ ____ ("Issuance of a search warrant is unquestionably a judicial act.") In addition to judges, court clerks in Massachusetts are authorized by statute to determine the existence of probable cause and to issue search warrants. See Mass. Gen. ___ L. ch. 218, 33 (authority extends to "a clerk, assistant clerk, temporary clerk, or temporary assistant clerk"); Mass. Gen. L. ch. 276, 1; Commonwealth v. Penta, 352 Mass. 271, ____________ _____ 273, 225 N.E.2d 58 (1967). The State has vested in its -3- authorized decisionmakers, regardless of identity, the discretionary authority to determine the applicability of the governing law to the individual facts in each case. See ___ Penta, 225 N.E.2d at 58-59; see also Shadwick v. Tampa, 407 _____ ________ ________ _____ U.S. 345, 350, 354 (1972) (holding that the substance of the Constitution's warrant requirements may be satisfied by court clerks so long as they are "neutral and detached and capable of the probable-cause determination required of them"); cf. ___ Jenkins v. Chief Justice of Dist. Court Dep't, 416 Mass. 221, _______ __________________________________ 243-44 & nn.39,40, 619 N.E.2d 324, 337-38 & nn. 39,40 (1993) (upholding legislature's authority to designate officials other than judges to make post-arrest probable cause determinations so long as the officials have the qualifications set forth in Shadwick). ________ The issuance of a search warrant by a duly authorized Massachusetts court clerk thus falls squarely within the paradigm of protected judicial acts. In performing a core judicial function requiring an independent exercise of judgment, the clerk's protection from damages liability must be absolute. See Antoine, 113 S. Ct. at 2171. ___ _______ Since defendant was not entirely without jurisdiction, allegations that he acted wrongfully and maliciously do not defeat his absolute immunity from this suit. See Mireles v. ___ _______ Waco, 112 S. Ct. 286, 287-88 (1991); Pierson v. Ray, 386 U.S. ____ _______ ___ 547, 553 (1967). -4- Accordingly the judgment below is affirmed. ________ -5-