NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1013

COMMONWEALTH

vs.

YORDANI MIGUEL ROMERO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Boston Municipal Court, the defendant was convicted of unlawful possession of a firearm without a license, G. L. c. 269, § 10 (a), and possession of ammunition without a firearm identification card (FID), G. L. c. 269, § 10 (h) (1). On appeal, he claims the judge erred in denying his motion to suppress, there was insufficient evidence to establish that the defendant did not possess a license to carry a firearm, and the evidence of the Criminal Justice Information Services (CJIS) records were inadmissible hearsay and their admission in evidence violated the confrontation clause. We affirm.

1. Motion to suppress. For the first time on appeal, the defendant claims that his motion to suppress should have been allowed because the motion judge misidentified the moment he was seized. In particular, he now claims that he was seized when the detective tapped his badge a second time on the window of a car in which the defendant was seated, and not moments later when the detective opened the car door.

"It has long been our rule that we need not consider an argument that urges reversal of a trial court's ruling when that argument is raised for the first time on appeal." Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006). In terms of a motion to suppress, a defendant cannot simply drop the contentions he made in the trial court and put forward new grounds not intimated to the judge at the motion to suppress. Commonwealth v. Grant, 352 Mass. 434, 436 (1967). More specifically, if the defendant conceded an issue before the judge at the hearing on the motion to suppress, the defendant has waived any argument as to the validity of the matter conceded, and a different ground for the suppression cannot be argued on appeal. Commonwealth v. Accaputo, 380 Mass. 435, 444 n.11 (1980). See Commonwealth v. Lugo, 104 Mass. App. Ct. 309, 315 (2024) ("Appellate review should be based on what occurred at trial, not what might have been").

2

Here, neither version of the defendant's motion to suppress raised the claim that the seizure occurred earlier, which renders the claim waived.[1]  See Commonwealth v. Piard, 105 Mass. App. Ct. 428, 438 (2025).  See also Mass. R. Crim. P. 13 (a) (2), as appearing in 442 Mass. 1516 (2004) ("Grounds not stated which reasonably could have been known at the time a [pretrial] motion is filed shall be deemed to have been waived").  Moreover, at the evidentiary hearing on the motion to suppress, defense counsel expressly conceded that the defendant was not seized at the moment of the window tapping.  Rather, it was counsel's position that the seizure occurred when the detective opened the door, a point with which the prosecutor agreed, and defense counsel argued that the door opening seizure was not supported by antecedent reasonable suspicion.  Finally, in the motion judge's findings, he wrote, "Here, the parties agree, and the [c]ourt concurs[,] that the [d]efendant was stopped in a constitutional sense when [the detective] opened the front passenger door."

Invoking this court's holding in Commonwealth v. Santos, 95 Mass. App. Ct. 791, 795 (2019), the defendant argues that if the newly arriving claim is waived, we should review for error and,

_____

[1] There are two versions of the same motion to suppress on file at the Boston Municipal Court.

3

if any, to determine whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Dew, 478 Mass. 304, 309-310 (2017). To do so, we need to determine if the record is adequate to conduct such an analysis. See Piard, 105 Mass. App. Ct. at 439 n.10. We conclude that it is not. In large part, this conclusion is a result of not only the failure to raise the claim in the two versions of the motion to suppress, but also defense counsel expressly conceding that there was no seizure before the car door was opened. See Commonwealth v. Brule, 98 Mass. App. Ct. 89, 92 (2020) (record inadequate where "defense counsel not only failed to raise the issue below but also conceded that the officer acted in accordance with proper procedure").

Furthermore, the prosecutor, who had the burden of proof, had no notice of the issue, as he agreed with the defendant's concession as to when the seizure occurred, and would have no need to put on evidence to justify an earlier seizure. See Commonwealth v. Demos D., 105 Mass. App. Ct. 193, 201 (2025). See also Piard, 105 Mass. App. Ct. at 441 ("Put simply, we do not know what evidence the Commonwealth would have offered, or could offer, because it was never on notice of the need to offer any"). Finally, the motion judge, noting the agreement of the parties on the moment of the seizure, made no findings relative to the late blooming appellate claim before us. See

4

Commonwealth v. Silva, 440 Mass. 772, 781 (2004) (Rule 13 "requirement alerts the judge and the Commonwealth to the suppression theories at issue, and allows the Commonwealth to limit its evidence to these theories").[2]

2. _Sufficiency of the evidence_. The defendant also claims that the Commonwealth presented insufficient evidence to prove that he did not possess a license to carry a firearm or an FID card to support his conviction for unlawful possession of ammunition. In particular, he claims the evidence was insufficient because the Commonwealth failed to demonstrate that the defendant's correct name and date of birth were used in the CJIS query. We disagree.

"When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008), quoting Palmariello v. Superintendent of M.C.I.

---

[2] The defendant does not raise on appeal the challenge he made at the suppression hearing, i.e., that the door-opening seizure was not supported by reasonable suspicion.

5

<u>Norfolk</u>, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677 (1979), quoting <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 319 (1979) (<u>Jackson</u>).

To sustain the defendant's conviction under G. L. c. 269, § 10 (<u>a</u>), for unlawful possession of a firearm, the Commonwealth must prove the defendant lacked a license to carry a firearm. <u>Commonwealth</u> v. <u>Guardado</u>, 491 Mass. 666, 690, 692, <u>S.C.</u>, 493 Mass. 1 (2023). Similarly, to sustain a conviction under G. L. c. 269, § 10 (<u>h</u>) (1), for unlawful possession of ammunition, the Commonwealth must prove the defendant lacked either a license pursuant to G. L. c. 140, § 131 (<u>a</u>), or an FID card, pursuant to G. L. c. 140, § 129B. See <u>Guardado</u>, 491 Mass. at 692. See also G. L. c. 140, § 129C (<u>a</u>).

Here, the Commonwealth presented evidence that a CJIS query of the defendant's name and date of birth returned no record, which established that the defendant did not possess a license to carry or an FID card. While the spelling of the defendant's first name has varied, even on this appellate record, the CJIS query was made for more than one spelling of his name. In any

6

event, the search algorithm used by CJIS accounts for spelling discrepancies.

In the light most favorable to the Commonwealth, the jury were entitled to credit the testimony relative to the defendant's name, despite the various spellings, where more than one spelling of the name was queried, and from the evidence that the CJIS's algorithm accounted for such variances.[3]  "To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies.'"  Commonwealth v. Wilborne, 382 Mass. 241, 245 (1981), quoting Commonwealth v. Amazeen, 375 Mass. 73, 81 (1978).  Indeed, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"  McDaniel v. Brown, 558 U.S. 120, 133 (2010), quoting Jackson, 443 U.S. at 326.

Regarding the date of birth utilized in the query, the evidence, in the light most favorable to the Commonwealth,

---

[3] Furthermore, trial counsel did not raise any error in the spelling of defendant's name on the CJIS query, nor argued at closing that the CJIS query was ineffective due to an alleged spelling error.

7

disclosed that the search was done with the defendant's date of birth, i.e., February 3, 1985.  The defendant's date of birth was provided to CJIS by the district attorney's office to a CJIS attorney, who in turn provided the date to the CJIS employee, Steven Fennessy, who ran the query and testified at trial.  In a similar vein to the defendant's name, the jury were entitled to credit the testimony regarding the use of the defendant's birth date to perform the query.  The defendant is correct in his assertion that this evidence was hearsay.  However, it was not objected to and, in that posture, the jury were entitled to consider it for its full probative value.  Commonwealth v. Stewart, 398 Mass. 535, 543 (1986).  Even if the testimony should have been excluded as hearsay, sufficiency of the evidence "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission."  Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010).

Finally, contrary to the defendant's claim, this case is not like Commonwealth v. Smith, 496 Mass. 304 (2025).  In Smith, as occurred in the present case, the district attorney's office gave the CJIS witness the defendant's name and date of birth, which were used to search the firearm license database.  Id. at 307.  Also like this case, the Commonwealth moved in limine to admit the CJIS witness's testimony to prove the defendant lacked

8

both a license to carry and an FID card, which the judge allowed. Id. However, unlike this case, the judge sustained the defendant's objection and struck the date of birth evidence because the witness lacked personal knowledge of the matter, and the Commonwealth did not introduce alternate substantive evidence of the date of birth. Id. at 307-308. It was this gap in the evidence -- which does not exist here -- that rendered the evidence insufficient to support the defendant's convictions of unlawful possession of a firearm and ammunition. Id. at 317-318.

3. Hearsay and the confrontation clause. Finally, the defendant claims that the CJIS records are inadmissible hearsay because the Commonwealth failed to lay a proper foundation for their admission as a public record, and their admission in evidence violated the confrontation clause. We disagree.

We review a judge's evidentiary ruling for an abuse of discretion. Commonwealth v. Brea, 488 Mass. 150, 159 (2021). A judge abuses his discretion where the decision is a clear error of judgment, such that the decision falls outside the range of reasonable alternatives. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

a. Hearsay. To lay a proper foundation to admit CJIS records as a public record, "it suffices that the witness be familiar with the process of searching the database and with the

9

public record-keeping practices with respect to the database."
Smith, 496 Mass. at 312. Under this standard, the Commonwealth
established a sufficient foundation that Fennessy was competent
to testify to the results of his search of the firearm license
database.

At the voir dire in support of the Commonwealth's motion in
limine, Fennessy testified that he had been a State trooper for
twenty-eight years before joining CJIS, and had used CJIS during
his lengthy tenure as a trooper. He explained that CJIS is a
public agency that is required by law to maintain firearms
licensure information and the database in which they do so is
electronically searchable. He described his training and
experience with CJIS, including the certification and
recertification process every three years to use the system. He
was familiar with the variety of databases that may be accessed
through CJIS. He elaborated on how records queries are made,
and, with regard to firearm licensing, he explained that CJIS
accesses data from the Massachusetts Instant Records Check
System and the Firearms Record Bureau. Given this foundation,
there was no abuse of discretion in admitting Fennessy's
testimony in support of the CJIS report, and the report was
admissible under the public records exception to the hearsay

10

rule.  See Smith, 496 Mass. at 310-313.  See also Mass. G. Evid. § 803 (10) (2025).[4]

b.  Confrontation clause.  "[T]he touchstone of the confrontation clause analysis is whether the primary purpose of a declarant's out-of-court statement is testimonial or nontestimonial -- that is, whether the statement is intended to 'prove past events potentially relevant to later criminal prosecution.'"  Commonwealth v. Middlemiss, 465 Mass. 627, 634 (2013), quoting Michigan v. Bryant, 562 U.S. 344, 366 (2011).  As the Supreme Judicial Court clarified in Smith, 496 Mass. at 313-315, there was no violation of the defendant's right to confront the witnesses against him because the contents of the firearm license database were not testimonial.

Judgments affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[5]),

Clerk

Entered:  November 12, 2025.

---

[4] Given our resolution of the matter, we need not also determine if the CJIS records were properly admitted in evidence under the business records exception to the hearsay rule.

[5] The panelists are listed in order of seniority.