MAURICE J. O'CONNELL *vs.* RETIREMENT BOARD OF THE
CITY OF BOSTON & others.

Suffolk.    January 4, 1926. — January 7, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Retirement.    Clerk of Court.    Public Officer.    Words, "Employee."*

The clerk of the Municipal Court of the Roxbury District of the City of
Boston is a public officer, not an "employee" within the provisions of
St. 1922, c. 521, and cannot be compelled to retire at the age of seventy
years under § 9 of that statute as amended by St. 1924, c. 251, § 2,
merely because he has reached that age.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on October 9, 1925, against the retire-
ment board, the treasurer and the auditor of the city of
Boston to require the defendants to recognize that the
plaintiff was not subject to the provisions of St. 1922, c. 521.

The facts were agreed upon.    Material facts are described
in the opinion.    The suit was heard by *Carroll,* J., who ruled
"that the petitioner, as clerk of the Municipal Court of the
Roxbury District of the City of Boston, did not come under
the provisions of St. 1922, c. 521, and acts in amendment
thereof and in addition thereto, and that the retirement
board of the city of Boston had no legal right to retire him,"
and reported the suit to the full court for determination.

The case was submitted on briefs.

*J. P. Lyons,* Assistant Corporation Counsel, for the
respondents.

*J. P. Feeney,* for the petitioner.

RUGG, C.J.    This is a suit in equity wherein the plaintiff
seeks to compel recognition by various city and county
officers of his position as clerk of the Municipal Court of the
Roxbury District of the City of Boston.    The case was sub-
mitted on an agreed statement of facts.    It appears that he
is and has been for many years last past the duly qualified
clerk of said court.    On the twenty-third day of December,
1923, he was reappointed as such clerk for a term of five years.

Pursuant to such reappointment he was duly confirmed, qualified, and entered upon the performance of his duties. At that time he was seventy-five years of age.   On July 15, 1925, the retirement board voted to retire the petitioner from active service as such clerk to become effective on July 31, 1925, petitioner then being between seventy-six and seventy-seven years of age, and discharging the duties of clerk in accordance with the statute.   In consequence of the action of the retirement board, the auditor and the treasurer of the city of Boston refused to certify the plaintiff's name on the salary list.

The question presented for decision is, whether St. 1922, c. 521, applies to the petitioner as clerk of said court.   It is stated in § 1, that the purpose of the act is to improve the efficiency of the public service by the retirement of certain "employees."   By § 2 (b) it is provided that "'employee' shall mean any regular and permanent employee of the city of Boston or county of Suffolk" with exceptions not here material.   Narrowly and precisely stated, the question to be decided is, whether the clerk of said court is an "employee" as that word is used in the statute, or whether he is a public officer not included within the descriptive word "employee."

It was said in *Attorney General* v. *Tillinghast,* 203 Mass. 539, at page 543: "The distinction between an office and an employment has been recognized in our decisions . . . . The holder of an office must have entrusted to him some portion of the sovereign authority of the State.   His duties must not be merely clerical, or those only of an agent or servant, but must be performed in the execution or administration of the law, in the exercise of power and authority bestowed by the law . . . . A mere employee has no such duties or responsibilities.   A public officer is one 'whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in whose proper performance all citizens irrespective of party are interested, either as members of the entire body politic or of some duly established subdivision of it.' . . . Other important tests are the tenure by which a position is held, whether its duration is defined

by the statute or ordinance creating it, or whether it is temporary or transient or for a time fixed only by agreement; whether it is created by an appointment or election, or merely by a contract of employment by which the rights of the parties are regulated; whether the compensation is by a salary or fees fixed by law, or by a sum agreed upon by the contract of hiring." Tried by all these tests, the petitioner is a public officer and not an employee. He is appointed by the Governor with the advice and consent of the Council for a term of five years. G. L. c. 218, § 8. His salary is fixed by statute. § 79. He has power to appoint assistant clerks for whose official acts he is responsible and whom he may remove. § 10. He is required to be sworn, to attend all sessions of the court, to keep a record of all its proceedings and have custody of all records, books and papers appertaining to or filed in his office. He also may make and issue writs and processes, tax bills of costs and receive fines, forfeitures, fees and costs. § 12. A bond is exacted for the faithful performance of his duties. § 16. He may receive complaints respecting crimes and issue warrants, search warrants and summonses touching crime. § 33. He is required to account for and pay over to the city treasurer moneys received by him and is empowered also to make requisition for necessary funds to a limited amount from the city treasurer. § 47. He is removable on sufficient cause, when required by the public good, by the Justices of the Supreme Judicial Court. G. L. c. 211, § 4.

It is too clear for discussion that the person charged with the performance of these duties is not an employee but is a public officer clothed with official functions of a highly important nature. Under the authority of *Attorney General v. Tillinghast, supra,* and the numerous cases there collected and reviewed, the petitioner is an officer and not an employee. The words of St. 1922, c. 521, § 9, as amended by St. 1924, c. 251, § 2, to the effect that "A member of this retirement system who shall have attained age seventy shall be retired for superannuation within thirty days, except members of the judiciary, . . ." do not require a different conclusion. There is nothing else in the statute which in-

dicates that its purpose was to include public officers.    Members of the judiciary are public officers.    The exception of "members of the judiciary" doubtless was inserted in deference to the constitutional requirement that judicial officers shall hold their office during good behavior.    Such an exception cannot overcome the consistently uniform use of the word "employee" elsewhere throughout the statute as describing persons subject to its provisions.

It follows that the plaintiff is entitled to relief, and restraining and mandatory injunctions are to be issued in accordance with prayers 1, 4 and 5 of his petition.

*Ordered accordingly.*