PHILIP J. RUSSELL *vs.* SECRETARY OF THE COMMONWEALTH.

SAME *vs.* FRANCIS E. CASSIDY.

Bristol.    January 6, 1938. — October 26, 1939.

Present: DONAHUE, QUA, DOLAN, & COX, JJ.

*Clerk of Court. County. Retirement. Supreme Judicial Court,* Moot question. *Mandamus. Words,* "Employee."

A clerk of a district court, although a public officer, is an "employee" of the county within G. L. (Ter. Ed.) c. 32, §§ 20, 21 (3), in the form appearing in St. 1936, c. 400, § 1, and is ineligible to hold office "after reaching age seventy."

A petition for a writ of mandamus will not be granted if, due to events happening after the filing of the petition and before final determination on its merits, the writ would not be enforceable if issued.

The issues involved in petitions, by one seeking solely writs of mandamus directing delivery to him of a commission as clerk of a district court and that the incumbent cease to perform the duties of that office, became moot in this court upon it appearing from a stipulation of all counsel filed here that the petitioner had reached an age disqualifying him under a retirement statute from holding the office he sought.

TWO PETITIONS, filed in the Supreme Judicial Court for the county of Bristol on April 17, 1937, for writs of mandamus.

The cases were heard by *Lummus,* J.

*H. W. Radovsky,* for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondent Secretary of the Commonwealth.

*J. J. Siarkiewicz,* for the respondent Cassidy.

DONAHUE, J.    These are petitions for writs of mandamus. The petitioner seeks in the first case the issuance of a writ commanding the respondent, who is the Secretary of the

Commonwealth, to attest and deliver to the petitioner a commission as clerk of the First District Court of Southern Worcester, and in the second case the issuance of a writ commanding the respondent Francis E. Cassidy to refrain and desist from assuming the office of clerk of the First District Court of Southern Worcester and from performing the duties of that office.

The cases were tried together before a single justice of this court on agreed facts. The petitioner, on January 7, 1937, was nominated by the Governor and confirmed by the Council as clerk of the First District Court of Southern Worcester in place of the respondent Cassidy. While holding the office of clerk of the District Court, Cassidy, on November 3, 1936, was elected to the office of county commissioner of the county of Worcester. On January 6, 1937, he took the oath of office as county commissioner and began the performance of the duties of that office. He did not resign or relinquish his office as clerk of the District Court and has continued to perform its duties.

The single justice, on June 7, 1937, ruled that the two offices of clerk of the District Court and of county commissioner were not inherently incompatible and that there was no vacancy in the office of the clerk of the District Court to which the petitioner could have been appointed, and ordered judgment for the respondent in each case. The petitioner filed claims of exceptions to these rulings and to the orders for judgment. A consolidated bill of exceptions was allowed on August 3, 1937.

After the allowance of the bill of exceptions by the single justice and before the cases came on to be heard in this court, the respondents, in October, 1937, filed motions to dismiss the petitions, alleging that the cases had become moot for the reason that the petitioner had reached the age of seventy on July 29, 1937, and could not remain in the service of the county as clerk of the District Court even if he should prevail in these cases. A stipulation signed by counsel of all the parties, later filed in this court, recited that the petitioner had reached the age of seventy on July 29, 1937.

The age of the petitioner has here significance only if, as clerk of the District Court, he was a county "employee" within the meaning of that word as it is defined and used in the applicable county retirement statutes. (G. L. [Ter. Ed.] c. 32, §§ 20, 21 [3], as contained in St. 1936, c. 400, § 1.) It is agreed that the 1936 statute was accepted by the county commissioners of Worcester County and became operative in that county on January 1, 1937, a few days before the petitioner was appointed and confirmed as clerk of the District Court. It contains the provision that "Persons fifty-five years of age or over who originally enter the service of the county . . . after the date when the system becomes operative shall not become members thereof, and no such employee shall remain in the service of the county . . . after reaching age seventy." § 21 (3). The question is presented whether a clerk of a district court is an "employee" within the meaning of that section of the statute. The applicable county retirement statute specifically requires that the word "employee" when used therein, "unless a different meaning is plainly required by the context, shall have the following" meaning: "any person who is regularly employed in the service of and whose salary or compensation is paid by the county . . . except teachers in the public schools . . . and except such officers elected by the people as are not required to devote a major portion of their time to the duties of their office . . . . In all cases of doubt the board shall decide who is an employee." § 20. The word "employee" wherever it appears in the applicable county retirement statutes manifestly cannot be restricted to a narrow meaning. The word as defined in the statutes includes broadly "any person" permanently employed in the service of a county and paid by a county, excepting only two described classes of persons. The statement of these exceptions indicates that all other persons so employed and paid are within the statutory definition. The exception of certain "officers" indicates that other officers of the county are included in the definition. Otherwise, there would be no occasion to except from the definition a certain kind of "officers."

An examination of the definitions of the word "employees" in successive county retirement statutes shows a continued broadening of the meaning of the word as therein used. In G. L. c. 32, § 20, it was defined as meaning simply "permanent and regular employees in the direct service of the county whose sole or principal employment is in such service." St. 1922, c. 521, § 2, used substantially the same language. It was held in a case arising under the last mentioned statute that a clerk of a district court was a public officer and not an "employee" within the meaning of the statutory definition. *O'Connell* v. *Retirement Board of Boston*, 254 Mass. 404. The basis of the decision was that the word "employee" was constantly and uniformly used throughout the statute to describe those coming within its terms, and that there was nothing in the statute sufficiently indicating a purpose to include public officers.

Soon after the decision in the case of *O'Connell* v. *Retirement Board of Boston, supra,* the Legislature made substantial changes in the definition of the word "employees" as used in the county retirement statutes. St. 1926, c. 378, § 1. It defined the word as meaning "any persons permanently and regularly employed in the direct service of the county whose sole or principal employment is in such service . . . and also any officials or public officers whose compensation is paid by the county, whether employed or appointed for a stated term or otherwise, except, in counties other than Worcester, an official or public officer elected by the people." It also excepted from the definition teachers employed in day schools conducted by trustees of county agricultural schools. (See G. L. c. 74, §§ 25–37.) The statute appeared in the same form in G. L. (Ter. Ed.) c. 32, § 20. It is clear that public officers were by this statute included within the definition of the word "employees."

Any doubt that a clerk of a district court was subject to the provisions of the retirement statutes was removed by the passage of St. 1936, c. 282, § 1, amending G. L. (Ter. Ed.) c. 218, § 8, which provided that such a clerk should hold office "subject . . . to retirement under the provisions of any applicable general or special law relative to

retirement systems." Shortly thereafter the same Legislature amended the existing statute defining the word "employee" as used in county retirement statutes. St. 1936, c. 400, § 1, amending G. L. (Ter. Ed.) c. 32, § 20. It eliminated the requirements of "permanent" employment and of employment "in the direct service of the county." It in terms applies broadly to "any person" regularly employed in the service of the county whose compensation is paid by the county, with only the two exceptions of certain teachers and of such elected officers as do not devote a major portion of their time to the performance of their duties. The question whether officers of a county were "employees" within the meaning of the statute was referred to but did not need to be decided in *Litchfield* v. *Retirement Board of Middlesex County,* 303 Mass. 473, 474. Considering the language of the applicable statute, the history of earlier statutory definitions and the statutory system of which this statute is a part, we think the word "employees" must be taken to mean that public officers of a county, not specifically excepted, including clerks of district courts, are "employees" in the sense in which that word is used in the county retirement statutes. It follows that, if the petitioner became entitled to hold the office of clerk of the District Court, he was an "employee" of the county.

If it be assumed, as contended by the petitioner, .that the office of clerk of a district court and the office of county commissioner are incompatible, the acceptance by the respondent Cassidy of the office of county commissioner would vacate the office of clerk of the District Court. *Commonwealth* v. *Hawkes,* 123 Mass. 525, 530. *Howard* v. *Harrington,* 114 Maine, 443. *Cotton* v. *Phillips,* 56 N. H. 220. If it be further assumed that the petitioner became entitled to hold the office of clerk of the District Court on January 7, 1937, inasmuch as he was an "employee" of the county within the meaning of the applicable statute, he could not "remain in the service of the county . . . after reaching age seventy." G. L. (Ter. Ed.) c. 32, § 21 (3), as contained in St. 1936, c. 400, § 1. He reached that age on July 29, 1937.

By reason of his age the petitioner in no event could occupy the office of clerk of the District Court after that date. The relief sought against the respondent Cassidy — the surrender by him of the office of clerk and the recognition of the petitioner as clerk — would be of no avail to the petitioner. He has become ineligible to hold that office and cannot be legally established in it. The peremptory command of a writ of mandamus must "be legally enforceable at the time the writ is issued," regardless of previous conditions. *Clifford* v. *School Committee of Lynn*, 275 Mass. 258, 260. The relief sought is no longer available or of any use to the petitioner, and no live rights of the parties in this case would be settled by a decision. *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 289, and cases cited. *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 534, and cases cited. The questions involved in the case have become moot.

The allegations in the two petitions are substantially the same. In each it is alleged that the respondent Cassidy is holding incompatible offices; that by accepting the office of county commissioner on January 6, 1937, he impliedly resigned from the office of clerk of the District Court; that on January 7, 1937, the petitioner was duly appointed and confirmed as such clerk and was sworn in and qualified, and that on April 14, 1937, he duly filed a bond as required by the statutes. The allegations of the two petitions do not indicate any other ultimate objective of the petitioner than his establishment in the office of clerk of the District Court. In the case in which the Secretary of the Commonwealth is named as respondent, the petitioner prays for the attestation and delivery to him of his commission. If this prayer was granted it would not be of avail in establishing him in the office sought. No other present or future detriment to the petitioner because he does not hold the commission is alleged. See *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 121. So far as the present cases are concerned, the question of the attestation and delivery of the commission is moot. The possibility that such a question may arise at some other time in some other proceeding does

not justify its present decision. *Nilsson* v. *Pearson,* 301 Mass. 228, 229, and cases cited. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 100–101.

A suggestion of the death of the petitioner on September 22, 1939, has been filed in each case by his administratrix. She has also filed motions that she be substituted as party petitioner in each case. Those motions are allowed. She, however, has no greater rights than her intestate had, and the motions to dismiss filed by the respondents are allowed, and in each case the petition is dismissed.

*So ordered.*