MASSACHUSETTS BAR ASSOCIATION *vs.* EDWARD J. CRONIN
& another.

Suffolk.    September 21, 22, 1966. — October 14, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Clerk of Court. Public Officer. Supreme Judicial Court,* Jurisdiction, Removal of clerk of court. *Practice, Civil,* Parties, Proceeding for removal of clerk of court. *Words,* "Good behavior."

The provision of G. L. c. 218, § 8, that the clerk of a District Court shall hold office "during good behavior" does not limit the ground of removal of him from that office under c. 211, § 4, to misconduct on his part in that office. [322–323]

The conduct and result of a proceeding for removal of an officer under G. L. c. 211, § 4, once it is initiated, are the sole responsibility of and entirely in the discretion of this court. [323]

The initiation of a proceeding under G. L. c. 211, § 4, for removal of an officer is not the exclusive function of the Attorney General; it may be undertaken by a bar association. [323]

The public good required removal from office of the clerk of a District Court under G. L. c. 211, § 4, where it appeared that while a member of the Executive Council prior to becoming clerk he conspired with other members to solicit and did solicit a bribe and that subsequently, after becoming clerk, he committed perjury before the grand jury with respect to the bribery matter, although he later changed his testimony and told the truth before the grand jury. [326]

PETITION filed in this court on May 13, 1966.

Certain interlocutory matters and the merits were heard on September 21 and 22, 1966, by *Wilkins, C.J., Spalding, Whittemore, Cutter, & Reardon,* JJ. No part in the consideration of the case was taken by *Kirk & Spiegel,* JJ.

*Morris M. Goldings & Charles F. Mahoney* for the respondent Cronin.

*Arthur M. Gilman (Robert E. McLaughlin* with him) for the petitioner.

*Harold M. Willcox,* Special Assistant Attorney General, for the Attorney General.

On October 14, 1966, the following decision and order were entered:

WILKINS, C.J. This petition for the removal of the respondent Cronin (hereinafter called the respondent) as clerk of the District Court of Newton is brought purportedly pursuant to G. L. c. 211, § 4 (as amended through St. 1945, c. 465), which provides: "A majority of the justices may, if in their judgment the public good so requires, remove from office a clerk of the courts or of their own court; and if sufficient cause is shown therefor and it appears that the public good so requires, may, upon a bill, petition or other process, upon a summary hearing or otherwise, remove a clerk of the superior court in Suffolk county, or of a district court, a county commissioner, sheriff, register of probate and insolvency or district attorney, or the recorder of the land court." Its scope is not limited by G. L. c. 218, § 8 (as amended through St. 1936, c. 282, § 1), which now contains the statement that district court clerks "shall be appointed by the governor, with the advice and consent of the council, and shall hold office during good behavior . . . ." Previous to the 1936 amendment the term of a clerk of a district court was five years. *O'Connell* v.

*Retirement Bd. of Boston,* 254 Mass. 404, 406. G. L. (Ter. Ed.) c. 218, § 8. The introduction of the term "good behavior" by the amendment should not be construed as limiting the ground of removal of district court clerks to misconduct in office and to narrowing to that extent the scope of G. L. c. 211, § 4. To do so not only would weaken judicial authority in the administration of justice, but the standard of conduct of a clerk of a district court would be set below that of the clerks of the Supreme Judicial Court and of the Superior Court, an unreasonable result which we are sure could not have been the legislative intent.

The petition is properly before us. From the moment of filing, the petitioner in law dropped out of the case. The action which ought to be taken is entirely within our discretion. The respondent's attempted distinction of cases for disciplinary action against members of the bar initiated by bar associations is wholly unsound. The conduct of those cases, as well as proceedings like the present, once brought to our attention, become our exclusive responsibility arising from our duty to keep the administration of justice above reproach. See *Boston Bar Assn.* v. *Casey,* 211 Mass. 187, 192, 193–194; *Matter of Keenan,* 313 Mass. 186, 198–199.

The office of the Attorney General, which is not referred to in § 4, has no exclusive function to apprise us of the subject matter of the petition. We are not ousted of jurisdiction or impeded in the performance of our duty by the absence of the Attorney General as party petitioner. The case of *Rice* v. *The Governor,* 207 Mass. 577, relied upon by the respondent, is wholly lacking in present application.

The respondent clerk filed a motion to make the Attorney General a party respondent. This was allowed by consent. The respondent's answer in abatement, which sets forth as grounds that the Attorney General is an indispensable party petitioner and that the Massachusetts Bar Association "lacks standing to maintain the petition," is overruled.

The respondent's demurrer to the petition on the ground that the matters alleged are insufficient cause for removal because they do not constitute other than good behavior in office is likewise overruled. The allegations of the petition

are not unnecessarily vague, and inasmuch as we have heard the petition on the merits, the demurrer is overruled in its entirety. See *Pearson* v. *Mulloney,* 289 Mass. 508, 510–511; *Olszewski* v. *Sardynski,* 316 Mass. 715, 717; *Pineo* v. *White,* 320 Mass. 487, 489.

The motion to dismiss is denied. We have discussed all the grounds now urged by the respondent except those relating to perjury and recantation as a defence. We shall refer to these in our consideration of the merits. See *Commonwealth* v. *McHugh,* 326 Mass. 249, 255.

The respondent was elected as Executive Councillor from the Third Councillor District in November, 1958, and so served, with reëlection in 1960, until January 12, 1961. On December 29, 1960, he was appointed by the Governor, with the advice and consent of the Executive Council, to the office of clerk of the District Court of Newton. On January 12, 1961, he resigned from the Executive Council, and took and subscribed to the qualifying oaths as clerk.

Briefly stated, the grounds of the petition are that the respondent, while holding the office of Executive Councillor, in the period from February 4 to April 8, 1960, conspired with four other Councillors corruptly to request a gift or gratuity and did so request, and on October 8 and 9, 1964, before a grand jury in Suffolk County knowingly gave false testimony relative to proceedings of the Executive Council in the period between February and April, 1960, concerning the confirmation of Anthony N. DiNatale for reappointment as Commissioner of the Department of Public Works. In this period the Executive Council was composed in part of Michael J. Favulli, Raymond F. Sullivan, Ernest C. Stasiun, Joseph R. Crimmins, and the respondent. In October, 1964, these members, other than the respondent, were indicted for conspiring to accept gifts and gratuities in the form of money on the understanding that they would vote for the confirmation of DiNatale for reappointment as commissioner. They were later convicted by a jury, were sentenced for varying terms to the House of Correction, and appealed. Subsequently, Stasiun and Crimmins withdrew

their appeals and served their terms. The appeals of Favulli and Sullivan are pending.

The testimony of the respondent at the hearing before us fully warrants findings upholding the allegations of the petition. Amplification is unnecessary. The respondent's testimony before the grand jury on October 8 and on the morning of October 9 was consciously not the truth, as admitted on the stand before us. On the afternoon of October 9 he revised his testimony and gave the truth as to an agreement with certain Councillors to vote to confirm DiNatale. This vote led to the receipt by the respondent of a sum of money for political "campaign funds," an expenditure which he did not report in his candidate's return of contributions. See G. L. c. 55, § 16 (as amended through St. 1954, c. 272).

A principal argument of the respondent at the hearing before us was that his conduct as a member of the Executive Council, which antedated his incumbency as clerk, is not cause for removal. We reject this contention, which is contrary to what was said in *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 482–483, 490; *Attorney Gen.* v. *Pelletier,* 240 Mass. 264, 300; and *Attorney Gen.* v. *Flynn,* 331 Mass. 413, 415. Nor can we overlook his testimony before the grand jury after he became clerk. That this testimony had no relation to his duties as clerk is not of consequence. *Attorney Gen.* v. *Flynn, supra,* 415. That the respondent has not been indicted or that the statute of limitations has not run are irrelevant considerations. There is no indication that he will be indicted, although he was apprehensive that he might be indicted until he changed his testimony before the grand jury. Nor is it important that no final judgment has been entered in the case against Favulli and Sullivan. The respondent was a voluntary witness in the trial of that case in the Superior Court. Recantation by the respondent in his concluding testimony before the grand jury should not control our decision.

The only substantial question is what should be our decision in discharge of an unpleasant duty. A clerk of a court is "a public officer clothed with official functions of a highly

important nature.'' *O'Connell* v. *Retirement Bd. of Boston,* 254 Mass. 404, 406. See G. L. c. 218, §§ 10, 12, 16, 33, 47. The issue is unlike that in criminal prosecutions where the chief concern is whether the coöperation of one who might have been made a codefendant should be recognized by not charging him with a crime. The respondent has received the benefit of that practice.

The problem before us transcends any matter of that sort. Our function is to ensure the integrity of the judicial system, which must not only be beyond suspicion but must appear to be so. The duties of a clerk of a court are performed, for the most part, under public scrutiny. He is a conspicuous figure in the court room. He is seated prominently near the judge, where he is in frequent consultation with him as well as with various lawyers. He administers oaths to witnesses. In our opinion, it would be incongruous to hold out as clerk one who has not conformed to the standards essential to every court.

We sympathize with the respondent and commend his effort, ultimately made, to set the record straight. On the other hand, we cannot allow such considerations to become an impediment in the discharge of our paramount responsibility which must be to maintain the quality of the administration of justice at a high level. That this is the very least which the public is entitled to expect is our firm belief.

On this fourteenth day of October, in the year of our Lord one thousand nine hundred and sixty-six, by and before a majority of the Justices of the Supreme Judicial Court, namely, Raymond S. Wilkins, Chief Justice, and John V. Spalding, Arthur E. Whittemore, R. Ammi Cutter, and Paul C. Reardon, upon the petition brought by the Massachusetts Bar Association against Edward J. Cronin, after hearing all the relevant evidence, and it appearing that certain allegations of the petition are true, that sufficient cause is shown for the removal of Edward J. Cronin from the office of clerk of the District Court of Newton, and that the public good requires his removal, it is therefore, determined, all the said Justices concurring, that Edward J. Cronin be, and he hereby is, removed from that office.