BUILDING INSPECTOR OF NORTHAMPTON *vs.* SPRINGFIELD ADVERTISING COMPANY. January 3, 1968. This is a bill in equity in the Probate Court, Hampshire County, seeking an injunction against the maintenance of an outdoor advertising sign in Northampton. The sign had been erected pursuant to a permit issued in 1953 by the Outdoor Advertising Board and thereafter annually renewed. G. L. c. 93, §§ 29, et seq. The city never objected before the commencement of this suit and at no time raised any question before the board. The respondent filed a plea to jurisdiction setting forth that the exclusive method of review was under the Administrative Procedure Act, G. L. c. 30A, §§ 14, et seq. This plea was overruled, and the maintenance of the sign enjoined. The respondent appealed. The judge's rulings were erroneous. That the exclusive method of review was under c. 30A is established by *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754. We make no intimation whether there was jurisdiction in equity in the Probate Court under G. L. c. 215, § 6, as amended. See *Sebastian* v. *Carroll, ante,* 465. The order overruling the plea is reversed, and a new order is to enter sustaining the plea. The decree of injunction is reversed and a new decree is to enter dismissing the petition with costs of appeal.

*So ordered.*

*John M. Greaney* for the respondent.
No argument or brief for the petitioner.

GEORGE R. WHITTEN, JR., INC. *vs.* COMMISSIONERS OF ESSEX COUNTY & another. January 3, 1968. A final decree declared that the defendant county commissioners validly awarded the plaintiff a contract to renovate a swimming pool at the Essex County Training School; that the advertising, bid, contract, and bond conform to G. L. c. 149, §§ 44A–44L; that the contract has been satisfactorily performed; and that the plaintiff is entitled to be paid. The commissioners have approved the voucher for payment, but the defendant county treasurer argues that the contract was awarded in violation of G. L. c. 149, § 44F (as amended through St. 1961, c. 604, § 5). He makes three contentions, all without merit: (1) That the printed form of bid, which, as required by § 44E (as appearing in St. 1956, c. 679, § 1), was provided by the commissioners as the awarding authority, did not contain the precise items prescribed by § 44F. (2) That the performance bond was not filed by the plaintiff within five days of the presentation of the contract, rendering the bid invalid under § 44F. (3) That the bond was not signed by the contractor, and there was no evidence as to the intent of the surety. See *Bean* v. *Parker,* 17 Mass. 591, 603; *Russell* v. *Annable,* 109 Mass. 72, 74; *Goodyear Dental Vulcanite Co.* v. *Bacon,* 151 Mass. 460, 461; *Bowditch* v. *Harmon,* 183 Mass. 290, 291. See also *Fauci* v. *Mulready,* 337 Mass. 532, 543. Compare *Dole Bros. Co.* v. *Cosmopolitan Preserving Co.* 167 Mass. 481, 482. It is frivolous to raise these points and to impose a forfeiture after the contract has been satisfactorily performed. The appeal of the treasurer in the circumstances does not commend itself as an achievement of justice. This is the second appearance of this case here (see *Whitten* v. *County Commrs. of Essex,* 352 Mass. 579) and is an imposition on the court. This is an appropriate occasion for double costs, but as the expense would fall on the taxpayers, this time we refrain.

*Decree affirmed with costs of appeal.*

*James T. Ronan* for Treasurer of Essex County.
*John E. Lecomte (Philip R. Shea* with him) for the plaintiff.