TOWN OF BURLINGTON *vs.* COLONIAL MOTOR HOTEL CORP. June 25, 1975. The town of Burlington (town) appeals from a final decree entered in the Superior Court dismissing (without prejudice) its petition in equity filed pursuant to G. L. c. 93, § 31. The petition seeks the removal of a billboard pursuant to the denial of a renewal permit for the billboard and an order for its removal made by the Outdoor Advertising Board (board) which had found the billboard to be in violation of the town by-laws. The board had denied a renewal permit for the billboard pursuant to § 9K of its regulations. The town contends that it was proper to proceed under G. L. c. 93, § 31 and that it was entitled to a final decree enjoining the defendant from maintaining its billboard. General Laws, c. 93, § 31 authorizes the court, upon petition of the Attorney General, any city or town, or any interested party, "to restrain the erection or maintenance of any billboard, sign or other device erected or maintained in violation of *any rule, or regulation, adopted by the board under section twenty-nine,* and to order the removal or abatement of such billboard, sign or device as a nuisance" (emphasis supplied). Section 9K, which directs the board to deny permits for billboards not in conformity with the ordinances or by-laws of the town in which the billboard is located, was adopted by the board under G. L. c. 93, § 29. *John Donnelly & Sons, Inc.* v. *Outdoor Advertising Bd.* 361 Mass. 746, 748-752 (1972). Had the board granted a permit in contravention of a local by-law, the town could have proceeded under G. L. c. 93, § 31 to restrain a violation of § 9K. *General Elec. Co.* v. *Maurice Callahan & Sons, Inc.* 2 Mass. App. Ct. 124, 132-133 (1974). For the reason which follows we need not decide whether § 9K has been violated (thus giving the town recourse to a petition under G. L. c. 93, § 31), where, as here, the board denied a renewal permit for the billboard. The town has sufficiently alleged a violation of § 6C of the board's regulations which required the defendant to remove its billboard within ninety days of the board's decision denying the permit. For this reason, the town's petition pursuant to G. L. c. 93, § 31 was appropriate. As the defendant (which presented no argument before this court) failed to exercise its right to appeal from the decision of the board pursuant to G. L. c. 30A, § 14(1), as in effect prior to St. 1973, c. 1114, § 3 (see *Selectmen of Truro* v. *Outdoor Advertising Bd.*

Rescript Opinions.

346 Mass. 754, 758-760 [1964]), it thus lost its opportunity for review of the board's decision. The final decree is reversed and judgment is to be entered for the plaintiff ordering the defendant to remove its billboard forthwith.

*So ordered.*

*David Berman,* Town Counsel, for the town of Burlington.