MICHAEL J. KANE *vs.* COMMISSIONER OF CORRECTION & others. June 11, 1985. *Practice, Civil*, Moot case. *Imprisonment*, Enforcement of discipline.

While incarcerated in a section of the Massachusetts Correctional Institution at Norfolk, separate from the general prison population, the plaintiff was charged with possession of an electronic listening device in his room. The defendants contend that the device enables an inmate to listen to incoming and outgoing telephone calls both within and outside the institution through the use of telephone junction boxes easily accessible to prisoners in the general population. After a hearing, the disciplinary board found the plaintiff guilty, ordered the plaintiff to serve fifteen days in disciplinary lockup, and recommended consideration of reclassification to MCI at Cedar Junction.

In January, 1984, the plaintiff filed a complaint in the Superior Court against the defendants for declaratory and injunctive relief and for damages based on violations of his civil rights under Massachusetts law. A Superior Court judge issued a preliminary injunction against his transfer from MCI at Norfolk and an order that the defendants restore him to the general population of the prison. The defendants obtained a stay of the order and all other proceedings on the complaint from another Superior Court judge and appealed the order. The plaintiff was transferred to MCI at Cedar Junction in February, 1984.

In September, 1984, the Appeals Court summarily affirmed the order. *Kane* v. *Commissioner of Correction*, 18 Mass. App. Ct. 1112 (1984). We allowed the defendants' application for further appellate review. 393 Mass. 1103 (1984). On December 31, 1984, the Appeals Court reversed the plaintiff's underlying conviction. *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129 (1984). The plaintiff was released to bail on January 23, 1985. Because the underlying conviction was reversed, the issue of the correctness of the Superior Court order is moot. We therefore dismiss this appeal.

This is not a controversy in which the plaintiff continues to "have a personal stake in its outcome," *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976), or is "capable of repetition, yet evading review," *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984), quoting *Southern Pac. Terminal Co.* v. *ICC*, 219 U.S. 498, 515 (1911). Rather this is a particular controversy which focuses on the transfer of a prisoner charged with possession of a device which

it is alleged may be used to listen in on telephone calls. Because the plaintiff is no longer incarcerated and the underlying conviction was reversed, the outcome of the disciplinary proceeding based on that conviction is moot. Furthermore, as the plaintiff is not incarcerated, the validity of the preliminary injuction which prohibits the plaintiff's transfer to another institution also is moot.

On occasion we have decided moot cases. But in this case there is no issue "of public importance, [which] was fully argued on both sides, where the question [is] certain, or at least very likely, to arise again in similar factual circumstances, [or] especially where appellate review could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.*, *supra*. Thus, there is no occasion to reach the merits of this appeal.

At oral argument the plaintiff asserted[1] that the appeal is not moot because a decision by this court on the preliminary injunction would affect the outcome of his claim in the underlying case to recover damages for the deprivation of his civil rights. The issue of damages, however, is not before us, and is therefore irrelevant to a determination of the mootness of the instant case. "The possibility that such a question [of the propriety of the actions of the prison officials] may arise at some other time in some other proceeding does not justify its present decision." *Russell* v. *Secretary of the Commonwealth*, 304 Mass. 181, 186-187 (1939).

*Appeal dismissed.*

*Frances L. Robinson*, Assistant Attorney General, for the Commissioner of Correction.

*Michael J. Kane*, pro se.

---

[1] The parties submitted their appellate briefs before the Appeals Court reversed the plaintiff's conviction. The mootness issue, therefore, was discussed only in a letter submitted by the plaintiff to the court after the reversal of the underlying conviction and at oral argument before us.